And now, at this term, the opinion of the Court (7) was delivered by
Sedgwick, J.
(After a particular statement of the facts.) It is a principle too well known and established, and founded upon reasons too obvious to require proof or illustration, that contracts are to be construed by the laws of the country where made, and that the respective rights and duties of the parties are to be defined and enforced accordingly; provided it does not appear from the nature of the contract, or from other facts, that, in the contemplation of the parties, the performance of the contract has relation to the laws of another country.
By the facts agreed upon in this case, it appears, 1st. That the contract was entered into “ at Demarara.” 2d. That at the time of making the contract, both the plaintiff and defendant, * although citizens of the United States, were, and for [ * 81 ] many years had been, settled at Demarara, doing business as merchants. 3d.. That in consequence of what has taken place, in relation to this subject (the facts need not be recapitulated), according to the laws of Demarara, the defendant has become “ fully discharged ” from the demand which the plaintiff makes upon him.
The principle of law, relative to the construction of contracts by the lex loci where made, is admitted by the counsel for the plaintiff; but they say that the parties to this contract contemplated a performai ce of it in this commonwealth; and that therefore the liability of the defendant must be determined by our laws; that the drawer of a bill undertakes that he has funds in the hands of the drawee ; and that the bill will be duly honored and paid according *70 to its tenor , that when Mackay drew this bill upon Clapham here, he is by law understood to promise that here it shall be paid; and therefore that it was contemplated by the parties that this was the place of the performance of the contract.
What might be the application of this reasoning in the case of a drawer we have not determined, we all being clearly of opinion that it cannot be extended to that of an endorser; the natural import of whose promise is, that, in case the bill shall be dishonored, he will, upon due notice, pay the contents and all damages which shall be sustained. He can know nothing of the relative circumstances of the drawer and drawee; he cannot, therefore, be supposed to promise that the drawee shall duly pay; but he collaterally engages that if he shall not, the endorsee shall be indemnified. Such a promise, it is apparent, made by a merchant, in a place where he is and has been for many years doing business as such, cannot, in the nature of it, contemplate its performance, as to himself, but according to the law of the place where it is made.
We are, therefore, all of opinion that judgment must be rendered for the defendant (8).

 The chief justice, hav.ug teen of counsel, did not sit in the hearing of this cause.

 [Story's Commentary Confl. Law, 261, 262, and cases cited.—Prentiss vs. Savage, 13 Mass. 20.—Slocum vs. Pomeroy, 6 Cranch, 221.—Depau vs. Humphreys, 20 Martin, 1.—Hicks vs. Brown, 12 Johns. 142. Pardessus Droit Commercial, No. 1497.—Ed.]