## SMITH *against* MEAD.

*Hartford,*
*June,*
*1820.*

Smith
*v.*
Mead.

3   253
64   247
3   253
173   134

In the construction of a contract, the *lex loci contractus*, is to govern, unless it appears from the terms of the contract, that it was entered into with a view to the laws of another state.

*A.* and *B.*, inhabitants of *New-York*, being in *Canada*, for a temporary purpose, the former gave to the latter a promissory note, payable on demand, for and in discharge of an antecedent debt, contracted in *New-York :* Held, that such note, according to its legal effect, was payable in *Canada*, and the laws of that country were to govern in the construction of the contract.

An act of a state legislature, which discharges a debtor, on his surrendering his property for the benefit of his creditors, from all his debts previously contracted, is a "law impairing the obligation of contracts" within the meaning of the constitution of the *United States,* and is, therefore, void.

THE plaintiff declared upon a promissory note, made by the defendant, at *Niagara*, in the *British* province of *Upper Canada*, dated the 10th of *July*, 1818, and then and there delivered to the plaintiff, in and by which the defendant promised the plaintiff, for value then and there received, to pay to him, or order, the sum of 402 dollars, 72 cents, on demand, with interest.

The defendant pleaded in bar, a discharge under the insolvent law of the state of *New-York*, passed in *April*, 1813. The plea stated, that although the note was made and delivered at *Niagara* in *Upper Canada*, yet the plaintiff and defendant were then inhabitants of the state of *New-York*, and were absent for a temporary purpose ; and the defendant, being there arrested, by order of the plaintiff, for an antecedent debt, contracted in the state of *New-York*, gave the note in suit in discharge of that debt. The plea then set forth the material provisions of the statute ; the petition of the creditors in *September*, 1818, and the subsequent proceedings of the defendant, in compliance therewith ; an assignment of all his ~~t~~e and effects to the person nominated by the petitioning ~~cred~~itors as assignee ; and a discharge of the defendant, ~~co~~nformably to the statute, " from all his debts, due at the ~~tim~~e of the assignment, or contracted for, before that time, ~~th~~ough payable afterwards, and, if in prison, from his imprisonment ;" with an exception in favour of certain creditors without the *United States*.

To this plea succeeded a demurrer and joinder. The case was reserved for the advice of all the Judges.

*Hartford,*
*June,*
*1820.*

*Smith*
*v.*
*Mead.*

*Daggett* and *Trumbull*, for the plaintiff, contended, 1. That the note having been made in *Canada*, and being payable there, (as a note made there, payable on demand, must be considered,) and being sued here, could not be controlled, or affected, by any law of the state of *New-York*. The law of that state is neither *lex loci contractus*, nor *lex fori*. It can throw no light on the *construction ;* and can furnish no aid in relation to the *remedy* or *defence.*

2. That if the note had been made in *New-York*, and were sued there, the discharge pleaded would be unavailing, because the law under which it was obtained, was, for the purpose of such a discharge, unconstitutional and void. They cited and relied on *Sturges* v. *Crowninshield* 4 *Wheat. Rep.* 122. *Mc Millan* v. *Mc Neill*, 4 *Wheat. Rep.* 209.

*T. S. Williams* and *W. W. Ellsworth*, for the defendant, contended, 1. That the contract in question was to be governed by the laws of the state of *New-York*. The plaintiff and defendant were both inhabitants of that state ; the debt sought to be recovered was originally contracted there ; and while the parties were in *Canada*, for a temporary purpose, the form of the security was changed, thereby furnishing different evidence of the same debt. This was, therefore, in the first place, a continuation of the original contract, varied in form only. *Kent* v. *Phelps*, 2 *Day* 493. But secondly, if the transaction in *Canada* is to be regarded as constituting a new contract, still it is to be governed by the laws of *New-York*, as it was entered into with reference to the laws of that state. 3 *Dall.* 374. n.

2. That if the certificate of discharge would be effective, if pleaded in *New-York*, our courts will give the same effect to it, when pleaded here. *Blanchard* v. *Russell*, 13 *Mass. Rep.* 1. *Walsh* v. *Farrand*, 13 *Mass. Rep.* 19. [The counsel for the plaintiff yielded this point.]

3. That this was not a law impairing the obligation of contracts, within the meaning of the constitution of the *United States,* as applicable to this case. The contract in question having been made under the law, and with reference to it, was originally qualified by it. The parties gave their assent to the contract, with the tacit understanding that it was to be explained, carried into effect, and restricted in its operation, according to that law. *Blanchard* v. *Russell*, 13 *Mass. Rep.* 1. 16. *Mather* and *Strong* v. *Bush,*

16 *Johns. Rep.* 233.    *Roosevelt* v. *Cebra,* 17 *Johns. Rep.* 108.
The principle that every person is to be deemed a party to
the laws of his own government, has been often recognized,
and is of general application.    *Touteng* v. *Hubbard,* 3 *Bos.
& Pull.* 291.    *Conway* v. *Gray,* 10 *East,* 536.    *Consequa* v.
*Fanning,* 3 *Johns. Chan. Rep.* 598.    So, a general custom, or
a commercial usage, makes part of a contract.    *The Lincoln
and Kennebeck Bank* v. *Page,* 9 *Mass. Rep.* 155.    *Blanchard*
v. *Hilliard,* 11 *Mass. Rep.* 85.    *Halsey* v. *Brown,* 3 *Day,*
346.    It is on this ground, that a statute declaring a contract
to pay more than a certain rate of interest to be void, may be
vindicated.    Such a statute impairs the obligation of the con-
tract, in the same sense that an insolvent law does.

HOSMER, Ch. J.    The first enquiry in this case, is, by what
law the contract made between the parties is to be governed.

The promissory note was executed in *Canada,* in discharge
of an antecedent debt, and was made payable on demand.    It
is an established principle, that contracts are to be construed
according to the laws of the state in which they are made, un-
less it is perceived from their tenor, that they were entered
into with a view to the laws of some other state.    *Blanchard*
v. *Russell,* 13 *Mass. Rep.* 4.    *Burrows* v. *Jemino,* 2 *Stra.* 733.
3 *Dall.* 374, in a note.    *Male* v. *Roberts,* 3 *Esp. Rep.* 163.
*Thompson* v. *Ketcham,* 4 *Johns. Rep.* 285.    *Smith* v. *Smith,* 2
*Johns. Rep.* 235.    *Hicks* v. *Brown,* 12 *Johns. Rep.* 142.    *Rob-
inson* v. *Bland,* 2 *Burr.* 1077.    *Powers* v. *Linch,* 3 *Mass. Rep.*
77.    The note was not made payable in *New-York,* but, by
legal consequence, in *Canada,* and was, immediately after its
execution, sueable in the courts of that country.    The pre-
ceding contract was extinguished; and the plea avers nothing
in respect of the place where the note was to be paid.    I do
not say, that such an averment would be admissible ; but the
discussion of this question is unnecessary.    I am clear, that
the insolvent law of *New-York,* if it were valid, was not refer-
red to, by the parties to the contract ; and that the discharge
under it is without any effect.

Another and much more interesting question has been ar-
gued ; and, as it fairly arises on the pleadings, although it is
not indispensibly necessary, I will express an opinion upon it.

The constitution of the *United States* declares, that no state

*Hartford,
June,
1820.*

*Smith
v.
Mead.*

*Hartford,*
*June,*
*1820.*

Smith
*v.*
Mead.

shall pass a law " impairing the obligation of contracts."
Does the law of *New-York* fall within this prohibition?

The *obligation* of a contract consists in that which a person
has undertaken to perform. If he has agreed to pay a cer-
tain sum, at a specified period, " his contract binds him to pay
that sum, on that day; and this is its obligation." A law les-
sening, or invalidating, the obligation of a contract, unquestion-
ably impairs it. The above meaning and application of the
expression " impairing the obligation of a contract," is too
obvious to be reasonably questioned, and has been established
by the authoritative exposition of the court of dernier resort in
*Sturges* v. *Crowninshield,* 4 *Wheat. Rep.* 197.

The case just cited, and that of *McMillan* v. *McNeill,* in
the same book, although not precisely parallel with the one
before us, have conclusively settled the question under dis-
cussion. In both the cases, the defendant pleaded in bar a dis-
charge, obtained under " an act for the benefit of insolvent
debtors and their creditors," passed by the legislature of
*New-York,* on the third day of *April,* 1811. In the former
case, the court adjudged in the following words, " that since
the adoption of the constitution of the *United States,* a state
has authority to pass a bankrupt law, provided such law does
not impair the obligation of contracts within the meaning of
the constitution, and provided there be no act of Congress in
force to establish a uniform system of bankruptcy conflicting
with such law;" and, " that the act of *New-York,* which is
pleaded in this case, so far as it attempts to discharge the con-
tract on which this suit is instituted, is a law impairing the ob-
ligation of contracts within the meaning of the constitution of
the *United States;* and that the plea of the defendant is a good
and sufficient bar of the plaintiff's action." And in the latter
case, it was decided, " that the circumstance of the state law,
under which the debt was attempted to be discharged, having
been passed *before* the debt was contracted, made no differ-
ence in the application of the principles, and was not dis-
tinguished from the preceding case of *Sturges* v. *Crownin-
shield.*" It must be admitted, that the law of *New-York,* re-
ferred to in the cases cited, so far as respects the question of
unconstitutionality, is obnoxious to the same objections, and
*no other,* as the more recent act is, under which the defendant
obtained his discharge. I waive entering into a discussion of
the points made in the preceding cases, which have been press-

sed upon the court. Concurring, as I entirely do, with the reasoning and opinion expressed in them, and considering it as the voice of the court entrusted to decide ultimately on the question before them, I deem it unnecessary to be more particular.

It has been argued, however, on the foundation of *Blanchard* v. *Russell*, decided before the cases in the supreme court of the *United States*, and of the more recent determination in *Mather* v. *Bush*, that a law, which is in force when a contract is made, cannot be said to have that effect, that is, " of impairing the obligation of contracts ;" " for the contract is presumed to be made in reference to it, and the parties are legally conusant of it at the time." *Blanchard* v. *Russell*, 13 *Mass. Rep.* 16. *Mather* & al. v. *Bush*, 16 *Johns. Rep.* 237. The principle is unquestionably correct ; for it presupposes an existing law, both in form and essence ; but the fallacy consists in the application of it to a case like the present. An act passed in opposition to the constitution of the *United States*, by the state of *New-York*, is *no law* ; it is *void*, a *total nullity*, and *utterly unreal* and *unsubstantial*, in the strictest sense of the expression. So far from being a rule of action, it literally is *nothing*. From such premises it seems impossible to imply any thing in opposition to the plain terms of an explicit contract. The agreement is absolute ; and shall it be varied, by an unconstitutional act, which, to every substantial intent, is a nonentity ? It is to pay a specific sum, without any qualification ; and may it be impaired, or invalidated, under the supposition, that the parties intended it ? I cannot admit that an invalid act, which really is nothing, under the idea of its having been referred to, by silent implication, should be permitted to contravene the most plain and intelligible expression of the mind.

The defendant has contended, in this case, that the making a contract in the state of *New-York*, admitting the act to be constitutional, is in effect the same as if the agreement had explicitly referred to the act, or even recited it at length. To this proposition I cannot assent. If the parties to a contract should refer to a law of *Great-Britain*, so as to render it obvious that they meant to incorporate it into their agreement, having recognized the law expressly, they would bind themselves by its provisions. But without this explicit reference, the law, as inefficacious here as an unconstitutional act, and no more,

33

*Hartford,*
*June,*
*1820.*

*Smith*
*v.*
*Mead.*

would have effect. The proposition I would advance, is this, that an unconstitutional act of either of the *United States*, can no more, by inference, be considered as having been referred to, by contracting parties, than if it were a foreign edict, or law of *Great-Britain*. The parties are not to be presumed ignorant that the law is unconstitutional. They, then, must be supposed to know and estimate it, at its value, as being an act void and inefficacious ; and with this impression on their minds, it is difficult to conceive, that they should silently refer to it, in any other manner than by intelligible language.

On both grounds, I am of opinion that the defendant's plea is insufficient, and that the plaintiff is entitled to judgment.

PETERS, CHAPMAN and BRAINARD, Js. were of the same opinion.

BRISTOL, J. concurred in the opinion that the plea was insufficient, on the ground that the contract was executed in *Canada*, and that a discharge under the law of another country could not prevail against it. He did not, however, think this case was governed, by either of the cases decided in the supreme court of the *United States ;* and in the absence of a direct decision of that tribunal upon the point, he should hold, that there was no reason to doubt the validity of a discharge under the authority of a state sovereignty.

Judgment to be entered for the plaintiff.