### HAMMETT and another *against* ANDERSON and others.

An act of a state legislature, which discharges a debtor, on his surrendering his property for the benefit of his creditors, from all his debts previously contracted, is a "law impairing the obligation of contracts" within the meaning of the constitution of the *United States,* and is, therefore, void.

A discharge under such act is invalid as against a creditor, who, with other creditors, had joined the debtor in the petition on which it was obtained ; for, in the first place, the request thereby made was, merely, that the debtor might have the benefit of the act, and then *valeat quantum valere ;* and secondly, it was subject to the implied condition, that the debtor should be discharged from *all* his debts, and that object failing, through the invalidity of the act, the request itself became inoperative.

THIS was an action on a promissory note, dated the 21st of *July,* 1814.

The defendants pleaded in bar a discharge under the insolvent law of *New-York,* passed *April* 12th, 1813. The plea stated, that the plaintiffs and defendants were residents and inhabitants of the state of *New-York,* from the passing of the in-

solvent act, until after the discharge was granted; that on the 16th of *February*, 1816, the defendants, with the plaintiffs and other creditors, preferred a petition to *John Van Ness Yates*, Esq. recorder of the city of *Albany*, shewing that the defendants had, from many unfortunate circumstances, become insolvent, and incompetent to the payment of their debts, and praying that all the estate of the defendants, real and personal, might be assigned to assignees appointed by the creditors, and that the defendants might be discharged agreeably to said act; and that the plaintiffs, jointly with the defendants, and their other creditors, pursued the petition, and were parties to all the subsequent proceedings thereon. After setting forth those proceedings, with regard to which no question was made, the plea averred, that on the 16th of *August*, 1816, the defendants obtained a discharge, in pursuance of the provisions of the act, from all debts due from them, at the time of the assignment, or contracted for, before that time, though payable afterwards, and from the debt due the plaintiffs by the note in suit.

A demurrer being given to this plea, the court reserved the case for the consideration of all the Judges.

*Sherman* and *Bissell*, in support of the demurrer, contended, 1. That the insolvent law of *New-York*, under which the discharge in question was granted, was unconstitutional and void. This position they supported, by an extensive range of argument, founded on the history of the federal constitution, its general principles, and the particular provisions bearing directly upon the subject, (*art.* 1. *sect.* 10.) and by the authority of the decisions of the supreme court of the *United States* in *Sturges* v. *Crowninshield,* 4 *Wheat. Rep.* 122. and *McMillan* v. *McNeill,* 4 *Wheat. Rep.* 209.

2. That the fact that the plaintiffs were petitioning creditors did not give validity to the discharge, nor present any distinct feature in the case. From that fact nothing more could be inferred than the consent of the plaintiffs that the defendants should have the benefit of the act. The question still remains open, what relief can the act afford? If it is void, it can obviously afford none; the discharge is unauthorized, and ineffectual for any purpose. But admitting, that the plaintiffs, when they signed the petition, contemplated the act as a valid

*Fairfield,
June,
1820.*

*Hammett
v.
Anderson.*

one, and consented that the defendants should have such a discharge as the act purports to provide for; it is a conclusive answer, that the act purports to provide for a discharge from *all* the defendants' debts; and if the act is void, the discharge is clearly inoperative against those who are not petitioning creditors; of course, the object, which the plaintiffs had in view in signing the petition, fails. The plaintiffs never consented, that their debt should be discharged, except on condition that the debts of all the creditors should, at the same time, be discharged. *Cockshott* & al. v. *Bennett* & al. 2 *Term Rep.* 763.

*Daggett* and *Sherwood*, contra, contended, 1. That the insolvent law of the state of *New-York*, in relation to this case, was to be considered as a valid law. *Blanchard* v. *Russell*, 13 *Mass. Rep.* 1. *The Farmers and Mechanics Bank* v. *Smith*, 6 *Hall's A. L. J.* 547. *Mather & Strong* v. *Bush*. 16 *Johns. Rep.* 233. The decision in *Sturges* v. *Crowninshield* was expressly limited to that case; from which this case is distinguishable, inasmuch as in this the contract was made *under the law*. It is equally distinguishable from *McMillan* v. *Mc Neill ;* for though in that case, the contract was made after the passing of the law, under which the discharge was granted, yet it was the law of *another state*, and could not have been in contemplation by the contracting parties. With respect to that contract, at the time it was entered into, the law had no existence.

2. That the plea disclosed sufficient matter to preclude a recovery, without regard to the validity of the insolvent law. The law existed in fact; and the parties were acquainted with its provisions. The plaintiffs, by signing the petition, declared their consent, that the defendants, upon their compliance with the requirements of the act, should be discharged in the manner therein specified. The defendants have performed the condition, on their part. Why shall not the plaintiffs be held to their agreement? In *England*, a petitioning creditor, is estopped from saying, that a conveyance in fraud of the bankrupt law, to which he was a party, is void; and cannot avail himself of it, to set it up as an act of bankruptcy. *Tappenden* & al. v. *Burgess*, 4 *East* 230.

*Fairfield,*
June,
1820.

Hammett.
*v.*
Anderson.

HOSMER, Ch. J.    This case presents two questions for consideration.    1. Whether the insolvent act of *New-York,* under which the defendants obtained a discharge, is unconstitutional, void and inoperative, as between the parties to this suit.    2. Whether the discharge obtained on the joint petition of the plaintiffs, defendants and others, is a bar to the plaintiffs' claim.

The first question has recently been decided in the case of *Mead* v. *Smith,* ante 206.    With respect to the second enquiry, the discharge, if of any force, is a release in law, and not by the act of the party ; and for its validity entirely rests on the constitutionality of the insolvent law of *New-York.*    The request of the plaintiffs was merely this, that the benefit of the law might be given the defendants, and then *valeat quantum valere.*    Besides, the discharge must be construed in subordination to the intent of the plaintiffs in signing the petition. This can only be supposed to have authorized a release of the defendants from their demand, if the proceedings of the court were legal and operative on all the creditors.    It never can be presumed, that the plaintiffs meant to preclude themselves, if the creditors not petitioning were not equally barred.    The validity of the act was assumed as a condition precedent ; and this error invalidates the proceeding.

The defendants' plea is insufficient ; and judgment is advised for the plaintiffs.

PETERS and CHAPMAN, Js. were of the same opinion.

BRAINARD, J. was absent.

BRISTOL, J. dissented from the opinion of the Court, on the ground that a substantial distinction existed between this case and the cases decided by the supreme court of the *United States ;* and referred to the opinion of the supreme court of the state of *New-York,* delivered by *Spencer,* Ch. J., in *Mather* v. *Bush,* 16 *Johns. Rep.* 246. as containing unanswerable reasons in favour of the validity of the discharge pleaded by the defendants.

Judgment to be rendered for the plaintiffs.