NORTON *against* COOK:

Norton
*v.*
Cook.

IN ERROR.

A certificate of discharge under an act of a state legislature, which dischar-
ges a debtor, on his surrendering his property for the benefit of his creditors,
from all his debts previously contracted, is a good defence to an action
brought for the recovery of such a debt, where it was contracted, subse-
quently to the enactment of such law, in the state by which it was enact-
ed, and between citizens of that state.

But a certificate of discharge, under such a law, cannot be pleaded in bar of
an action, brought by a citizen of another state, in that state, on a con-
tract made in the state in which the discharge was obtained.

Where the judge, before whom a petition for a discharge under the insolvent
law of *New-York* was pending, appointed a day for all the creditors of the
insolvent to appear before him and shew cause against granting such dis-
charge; and on that day, the petitioner appeared, and a creditor, who was
a citizen of *Connecticut*, also appeared, before the judge, and were fully
heard on the petition; it was held, that such creditor had not thereby
abandoned his extra-territorial immunity from the operation of the insol-
vent law of *New-York*.

THIS was an action on a promissory note, dated the 23rd
of *September* 1832, brought by *John Cook*, the payee, against
*Simeon Norton*, the maker.

The defendant pleaded in bar of the action a certificate of
discharge and the proceedings by which it was obtained, un-
der the act of the legislature of the state of *New-York*, of the
12th of *April* 1813, entitled " An act for giving relief in cer-
tain cases of insolvency." The plea set forth the principal
provisions of that act and certain proceedings had in confor-
mity thereto, which resulted in the granting of a certificate
to the defendant, dated the 19th *January* 1824, purporting to
discharge him from all debts, due at, or contracted before, the
assignment of his property under the act. The plea also
averred, that the note described in the plaintiff's declaration,
was made and delivered at *Essex*, in the county of *Essex* and
state of *New-York*, at the time when it bears date, and was
by the defendant to be there paid ; and that the defendant, on
said 12th day of *April* 1813, and on the 7th of *January* 1824,
(the day of of the assignment) and on the 9th of *January*
1824, (the date of the certificate,) and during all the interven-
ing time, was, and ever since hath been, and still is, an inhab-
itant of the state of *New-York*, residing in *Chesterfield* in the

county of *Essex* in said state. As a part of said proceedings, the plea stated, that the judge to whom the petition was presented, appointed the 7th day of *January* 1824, for all the creditors of the insolvent to appear before him, the said judge, to shew cause why an assignment of the said insolvent's estate should not be made, and he be discharged, &c.; and that, on said 7th day of *January* 1824, the defendant appeared before said judge, and the plaintiff, by his attorney *Henry Ross*, also appeared before said judge, and were fully heard on said petition. The record shewed, that the plaintiff is, and at all times has been, a citizen of the state of *Connecticut*.

To this plea the plaintiff demurred; and the defendant joined in the demurrer. The superior court adjudged the plea insufficient; and thereupon the defendant brought the present writ of error.

*Kimberly*, for the plaintiff in error, contended. 1. That the insolvent law of the state of *New-York*, under which the discharge pleaded was obtained, was a constitutional and valid law, as between these parties and with respect to the contract in suit. It is an uncontrovertible position, distinctly recognized by the case of *Sturges* v. *Crowninshield*, 4 *Wheat.* 122. that the several states have authority to pass insolvent or bankrupt laws, provided they do not impair the obligation of contracts within the meaning of the 10th section of the 1st article of the constitution of the *United States*. And in the case of *Ogden* v. *Saunders*, and in the other cases argued in connexion with that, 12 *Wheat.* 213. 257. it was settled, that an insolvent law of a state which authorizes the discharge of a debtor from all his debts contracted subsequently to the passage of the law, is not a law impairing the obligation of contracts. The reasoning of the court in the case of *Sturges* v. *Crowninshield* went to support the correct principle, that contracts should be inviolable; and that any law releasing the party from his obligation to pay, impaired that obligation. This, in connexion with the case of *Mc Millan* v. *Mc Neill*, 4 *Wheat.* 209., decided at the same term, which was the case of a contract made after the passage of the law, led to a pretty general impression, that the supreme court of the *United States* intended to decide the general principle, that a discharge of the debt was a violation of the

constitution; and it seems to have been under that impression, that the supreme court of this state decided the cases of *Smith* v. *Mead*, *Medbury* v. *Hopkins*, *Hammett* & al. v. *Anderson* & al. reported 3 *Conn. Rep.* 253. 472. 304. Those cases may, however, be considered as reversed, by the case of *Hempstead* v. *Reed*, 6 *Conn. Rep.* 480. conforming to the general principle established in *Ogden* v. *Saunders.* The last mentioned case and the other cases argued in connexion with it, settled nothing except the general principle, that a state law authorizing the discharge of the debt itself, contracted after the passage of the law, was not a law impairing the obligation of a contract. In this *Washington, Thompson, Johnson* and *Trimble,* Js., concurred; *Marshall,* Ch. J., and *Duvall* and *Story,* Js., dissenting. In the principal case, however, *Johnson,* J. concurred with the former minority in reversing the decision, upon a point that was treated, by the counsel on both sides and by all the other Judges, as an unimportant difference. It was, that the plaintiff, *Saunders,* was not a citizen of *New-York,* and had never voluntarily submitted to that tribunal. The Chief Justice and those who concrred with him, proceed entirely upon the broad ground, that the law which discharges the debt, under any circumstances, impairs the obligation of the contract. 4 *Wheat.* 347. But Judge *Washington* and his associates place the case upon the ground that *lex loci contractus* is to govern. 4 *Wheat.* 255. 302. 308. 323, 4. 331. 12 *Wheat.* 280, 1. That this ground is tenable, is fully evinced, by the following authorities. *Hub. de Con. Leg. vol.* 2. *lib.* 1. *tit.* 3. *pl.* 26. a translation of which appears in 3 *Dal.* 270. & *seq. in notis. Mather* & al. v. *Bush,* 16 *Johns. Rep.* 233 *Hicks* v. *Hotchkiss,* 7 *Johns. Chan. Rep.* 297. 299. *Raymond* v. *Merchant,* 3 *Cowen* 147. *Shief-felin* v. *Wheaton,* 1 *Gal.* 441. *Blanchard* v. *Russell,* 13 *Mass. Rep.* 1. *Walsh* v. *Farrand* & al. 13 *Mass. Rep.* 19.

2. That the creditor in thiscase voluntarily submitted to the jurisdiction of *New-York,* by voluntarily appearing and becoming a party to the proceedings; and thereby relinquished his extra-territorial immunity. *Clay* v. *Smith,* 3 *Pet. U. S. Rep.* 411. *Mayhew* v. *Thatcher* & al. 6 *Wheat.* 129. 12 *Wheat.* 366.

*N. Smith* and *R. D. Smith,* for the defendant in error, con-

New-Have n,
July, 1832.

Norton
v.
Cook.

tended, 1. That as he, at the enactment of the law, at the execution of the note, at the date of the certificate, and at all other times, was a citizen of *Connecticut,* the discharge is inoperative as to him. *Medbury* v. *Hopkins,* 3 *Conn. Rep.* 472. *Smith* v. *Mead,* 3. *Conn. Rep.* 253. *Hammett* & al. v. *Anderson* & al. 3 *Conn. Rep.* 304. *Sturges* v. *Crowninshield,* 4 *Wheat.* 125. *Mc Millan* v. *Mc Neill,* 4 *Wheat.* 209. By these cases, the law on that subject was considered settled, at the time the decisions were made. And how much soever the law might have been changed, with regard to citizens of the same state, by the case of *Ogden* v. *Saunders,* 12 *Wheat.* 213. it remains the same between citizens of *different* states. In that case, it was decided, that where the contract was made *after* the enactment of the insolvent law, and *between citizens of the state which passed the law,* the discharge was good; but where the plaintiff was a citizen of a *different* state, and pursued his remedy *in his own state,* it was no bar. The decision proceeds on the ground of the plaintiff's being a party to the law, by being a citizen of the state, at the enactment of the law, or becoming a citizen afterwards and bringing his action under the law. The case of *Hempstead* v. *Reed,* in this state, was decided after the case of *Ogden* v. *Saunders,* and was, professedly, governed by it. It goes as far as, and no farther than, that case warranted.

The fact that the contract, in this case, was made in *New-York,* does not affect the validity of the discharge. The law of *New-York,* is to govern as to the nature, construction and validity of the contract ; but it does not follow, that our courts will give effect to a discharge of that contract under the laws of that state. Those laws are not binding here *proprio vigore;* and our courts will not give them effect for the mere purpose of defeating the remedy provided by our law on a contract, of " the nature, construction and validity" of which there is no doubt.

2. That the defendant in error has not precluded himself from questioning the validity of the discharge, by his appearance before the judge, during the pendency of the insolvent's petition. In the case of *Clay* v. *Smith,* the authority principally relied upon, by the plaintiff in error, on this point, the creditor *assented* to the proceedings, by presenting his debt under the assignment and accepting a dividend. But in this

*New-Haven,*
*July, 1832.*

Norton
*v.*
Cook.

case, there was no act of the creditor, whatever, sanctioning the law, acknowledging its validity, or evincing his consent to to the proceedings under it. He might have appeared before the judge in *New-York,* as he now does before this Court, to urge the invalidity of the law, with respect to him, a citizen of another state, and to insist on his extra-territorial immunity.

Bissell, J. Two questions are raised upon this writ of error.

1. Is the law of the state of *New-York,* under which the plaintiff in error obtained the discharge set forth, unconstitutional and void, as between these parties? And if so,

2. Has the defendant in error done any act, which precludes him from insisting upon the unconstitutionality of the law?

1. Is the law unconstitutional as between these parties?

It would be hardly decorous, and it is surely unnecessary, to enter upon a critical analysis of the various decisions, which have taken place upon this important, and exceedingly litigated question.

It is sufficient to observe, that in the cases of *Sturges* v. *Crowningshield,* and *Mc Millan* v. *Mc Neill,* the supreme court of the *United States* asserted the broad principle, that an act of a state legislature, which discharges a debtor, upon his surrendering his property, for the benefit of his creditors, from all his debts previously contracted, is a law impairing the obligation of contracts, within the meaning of the constitution of the *United States,* and is, therefore, void.

This principle was fully recognized, by this Court, in the cases of *Smith* v. *Mead,* 3 *Conn. Rep.* 253. *Hammett* & al. *v. Anderson* & al. 3 *Conn. Rep.* 304. and *Medbury* v. *Hopkins,* 3 *Conn. Rep.* 472.

We still think, that the principle involved in these decisions is entirely sustained, by a sound construction of the constitution; and we would not depart from it, but through deference to that distinguished tribunal, to whose decisions we feel bound to submit, as to those of the court of dernier resort, upon all questions arising under the laws and constitution of the *United States.*

In the case of *Ogden* v. *Saunders,* and in the cases argued in connection with that, a certificate of discharge, under such an act of a state legislature, as has been above referred to, was

held to be a good defence to an action brought for the recovery of a debt, where such debt was contracted in, and between citizens of, the state, under whose law the certificate was obtained.

The same doctrine was, in the spirit of comity, established, by this Court, in the case of *Hempstead* v. *Reed,* 6 *Conn. Rep.* 480.

We are now required to go one step further, and to pronounce a certificate of discharge effectual, not only as between citizens of that state, under whose laws it was obtained, but *as against a citizen of another state.*

We do not think, that any decision requires us to go this length; and not only so, but that to hold this discharge to be valid, as between these parties, would be directly to overrule the decision in *Ogden* v. *Saunders.* In that case, it was decided, that a certificate of discharge, obtained under the laws of the state of *New-York,* of which state the defendant was a citizen, was not valid against the plaintiff, who was a citizen of *Kentucky.*

It has, indeed, been insisted on, in the argument, that this was not the point in judgment, in that case; and the distinction now urged, was not recognized, by the majority of the court, who made that decision. If the information contained in the note of the reporter be correct, this point was not only decided, but was *the point,* upon which that decision turned.

It having been decided (in those cases argued in connection with *Ogden* v. *Saunders,*) that a certificate of discharge was valid, as between citizens of the state under whose laws the discharge was obtained; that case was again argued, upon the point now under consideration; and by a majority of the court, the discharge was holden to be ineffectual. It is true, that Judge *Johnson* alone, rested his opinion, and concurred in the decision, on the ground, that the creditor was a citizen of *Kentucky,* and had not submitted to the laws of the state of *New-York,* by instituting his suit before her tribunals; while Ch. J. *Marshall* and Judges *Duvall* and *Story* were in favour of adhering to the doctrine laid down in *Sturges* v. *Crowningshield* and *Mc Millan* v. *Mc Neill;* and placed the decision on the principles there established.

But we are to look at the result: and we certainly do not feel at liberty to decide in direct opposition to a decision of the

*New-Haven,*
July, 1332.

Norton
*v.*
Cook.

supreme court, in a precisely parallel case, either upon the ground that there was not an entire harmony of views among the members of the court, by whom the decision was made, or upon the ground, that we cannot concur with a single judge of that court, as to the mode of obtaining that result. A certificate of discharge, in a case precisely like the present, has been pronounced, by the supreme court of the *United States,* to be utterly void and of none effect. And however disposed we might be to indulge in speculations upon the reasonings, on which the decision rests, still we acknowledge its binding force, and yield to it.

Much stress has been laid, in the argument, upon the fact, that the note in question, was made and executed in the state of *New-York*; and upon this further averment, contained in the plea, *that the note was there to be paid.*

In regard to this averment, it may be remarked, that the contract, as set forth in the plaintiff's declaration, is admitted, by the plea in bar. Upon looking, therefore, through the whole record, we perceive, that there was no express stipulation, as to the place where the note was to be paid. It merely contained a general promise of payment. And the averment in question, is the mere assertion of the legal inference, derivable from the fact, that the note was made and executed in the state of *New-York*. Does this fact, then, give validity to the certificate of discharge, here pleaded, as against a citizen of another state ?

The case of *Ogden* v. *Saunders,* so often referred to, furnishes a decisive answer to this question. There, the bill of exchange, on which the defendant was sought to be subjected, *was accepted in the state of New-York;* of which state, the defendant then was a citizen. It is unnecessary to pursue the argument farther.

The law of the state of *New-York,* under which the plaintiff in error obtained his discharge, is unconstitutional and void, as between these parties.

2. Has the defendant in error done any act, which precludes him from insisting, that the law is thus unconstitutional ?

It is averred in the plea, that he was cited to appear, and did appear, by attorney, before the judge, and was fully heard on the debtor's petition, then pending.

And it is contended, that by this act, he has waived his extra-territorial immunity, and submitted himself to the laws of the state of *New-York*.

The case of *Clay* v. *Smith*, 3 *Pet. U. S. Rep.* 411. has been trongly relied upon, as sustaining this position. In that case, the only point decided was, that the defendant having obtained his certificate of discharge under a state law, and the plaintiff having come in and received his dividend, under the law, was no longer at liberty to question its constitutionality. The report of this case is very brief; and the grounds upon which the decision proceeded, are not very clearly stated.

It is very manifest, that this case is not like the present in point of fact : and I think there is a clear distinction between them in point of principle. There, the plaintiff might be considered as acquiescing in the validity of the discharge, by coming in voluntarily, and accepting a dividend under it. But here, no such inference can be drawn. The clear inference from the averments in the plea, is, that the plaintiff appeared *to oppose the petition :* and it would be difficult to conceive upon what principle he can be considered as acquiescing in the constitutionality of a law, when for aught that is shown, the very object of his appearing was, to make it appear that the law was unconstitutional.

I do not think this case is governed by that of *Clay* v. *Smith ;* and independently of that decision, I entertain no doubts on this question.

The judgment of the superior court must be affirmed.

The other Judges were of the same opinion.

Judgment affirmed.