QUESTIONS reserved by the Superior Court in and for New Castle county, for hearing before all the judges in the Court of Errors and Appeals.
The actions were in assumpsit for goods sold and delivered to the defendant's intestate, being for the price of certain lotterytickets. There was a special count for the price of lottery tickets sold;, and a count on an account stated with the intestate. The pleas were non-assumpsit, payment, discount, set off, and limitation. *Page 257 
At the trial below the plaintiffs offered in evidence a copy of their account, with a probate by one of the members of the firm. It was objected to on the ground that the probate of one co-partner was not sufficient. (Dig. 226, § 14.) It was said to have been so decided in the late Supreme Court, or Court of Common Pleas; in a case of Scott et al. vs. Hamilton's administrators.
The plaintiffs' counsel contended that the probate of one co-partner was the probate of all. A co-partnership is not an aggregation of individuals, but a unity. As such, it acts by any member, who can bind or release for the whole. So the probate of one is the act of all. They had no knowledge of the case cited. The act of assembly says that "the person holding the debt" shall make the probate. Here is no person; but a legal abstraction, composed of several persons, capable of acting by any one. Why should it not act in this matter, as in all others?
The court has looked beyond the mere letter of the act to carry out its spirit, and held that cestui que use, and not the legal holder, was the person to make probate. (2 Harr. Rep. 509-13.) It looks to the party entitled to receive the debt and give an acquittance for it. Any co-partner is such a party. The partnership is the legal person "holding" the debt.
The defendant's counsel replied that the act of assembly was designed to protect the estates of deceased persons, against claims of which the payment might not be within the knowledge of the administrator. It is but reasonable that whoever makes a claim against a deceased's estate, should verify his claim by affidavit that it is just and unpaid. And the estate cannot derive just protection; such as was designed by the act; without the oath of each member of the partnership: for either member may have received payment.
The court below, thought the affidavit sufficient. They said one partner may take out an attachment on his affidavit; may file an affidavit to hold to bail; and may do any other legal act for the firm. The partner making probate, does so from the books, and this is the security of the estate. They thought it would be unreasonable to require that each member of the firm should make the probate; in many cases it would be impossible. Co-partnerships often exist with members widely separated; often with dormant partners; and it would be impossible to have the affidavit of each co-partner. The same construction has been practically placed on the act about promises and assumptions in the proof by one partner to make the books evidence. *Page 258 
Plaintiffs then proved an admission by the defendant, Bailey, in the summer of 1842, of a balance appearing due on an account stated between them. The account was for lottery tickets sold Bailey, in lottery schemes authorized by the States of Delaware, Maryland, Virginia and New Jersey, and by the Congress of the United States. This evidence was objected to until the laws authorizing these lotteries, respectively, were proved.
Copies of acts of the legislatures of Maryland, Virginia and New Jersey, exemplified under the great seal; were then put in evidence.
The pamphlet laws of the United States were then offered to prove the Alexandria lottery scheme, and objected to as not being properly authenticated. The printed pamphlets were admitted by the court, as the paramount law of the land, promulgated in the usual way; they being published at Washington, and purporting to be by authority.
It was further objected to the evidence of defendant's indebtedness, that the demand arose on a sale of lottery tickets which is prohibited by law, without a license. It was replied: 1st. That proof of an admission of a balance due on an account stated, precludes the entering into any evidence in opposition to the items of such an account. 2d. That the sale of lottery tickets without a license, is prohibited only under a penalty, and the sale not being declared void, the vender can recover the price. 3d. That the act of 1833, (8th vol., 243,) extends only to retail dealers, and not to contractors or others selling by wholesale to retailers.
Passing over the first two points, the court below ruled the third for the plaintiffs, and admitted the evidence, which showed an admission by E. T. Bailey, on 1st of April, 1843, of a balance of $412,96, to be due on an account stated between plaintiffs and him, for lottery tickets purchased of them.
A verdict was then taken for plaintiffs, by consent, subject to the opinion of the court in bane on the law of the cases.
The questions reserved were: 1st. Whether one of several copartners could make a good probate? 2d. Whether an admitted balance on an account for lottery tickets sold by plaintiffs, as assignees of a lottery grant for the benefit of Delaware College, was admissible in evidence, without proof of a license to sell lottery tickets; and whether such evidence could lawfully extend to tickets in United States or New Jersey lotteries, sent to defendant's intestate, from New Jersey, on his orders? 3d. Whether evidence should be required or admitted of the items of such account, after proof of an *Page 259 
admission of a balance due on the account stated? 4th. Whether plaintiff's could recover under the count on an account stated, on proof of such admission, merely? 5th. Whether they could recover for lottery tickets in schemes authorized by Congress, or by the States of New Jersey, Maryland, or Virginia, or of this State? 6th. Whether lottery tickets were properly chargeable in a book account. 7th. Whether a sale made by plaintiffs, in the State of New Jersey, to defendants in Delaware, of lottery tickets to be vended in Delaware, could be recovered upon here, in reference to the law which ought properly to govern the case.
The argument in bane was made by Whitely and Rogers, for plaintiffs; and Gilpin and Wales, for defendants.
Whitely. — 1st. Lottery tickets are properly chargeable in a book account. I consider this as settled. The law authorizes these lotteries; it authorizes the sale of lottery tickets in any lotteries, foreign, or domestic, as a business; and therefore, makes the things thus sold in the course of lawful business, the proper subject of a book entry. (8th vol. 355, 362, 243; 1 Harr. Rep. 346; 2Ibid. 34.) The intrinsic value of an article is not the principle upon which things are or are not so chargeable. The purchaser always sets a value on what he buys, and he is the judge.
2d. Gregory Co. were not bound to take out a license, under the act of assembly. That act has reference only to retailers. They are proprietors of the lottery grant, and stand in the place of the managers in the law named. Any act requiring them to take out license would be void, for the lottery law authorizes these managers to sell without license. (8th vol. 243; 9th vol. 561; 1 Harr. Rep.
346.)
3d. Can one of several partners make a probate? The reason for requiring a probate is the prevention of fraud; that the administrator should have the sanction of the oath of the party claiming, before he pays. (1st vol. 420.) The oath of one partner effects this. He swears for all, and from the books of the firm. He is the person holding the debt. His credits admitted, bind the firm; he may release, discharge, or collect the debt. May he not make probate that the debt is due? The probate proves nothing, (3 Harr. Rep. 421,) or there might be more reason to require it to be made by all the partners. A different construction makes it necessary to join dormant or absent partners in a probate, where the former is not even necessarily joined as a plaintiff in the case. The argument from inconvenience proves that this cannot be necessary. This is a good ground of legal judgment. (3Harr. Rep. 219.) There are often partners *Page 260 
residing in foreign countries, in which case they might as well give up a claim as to attempt to get a probate by all. And the foreign partner, who knows nothing of the account, could not swear to it. If there were three members of a firm, one dead and one bankrupt, the surviving partner must be joined by the administrator of the dead partner, and the assignee of the bankrupt. This could not be intended. The act of assembly requires probate by assignor and assignee where the assignment is made after the death of the debtor; leaving assignments before the death operative and recoverable on the probate of the assignee alone. Yet the opportunity of fraud is much greater in that case than in the case of probate by one of several partners. An affidavit to hold to bail may be made by one of several partners; and the objects of that, and a probate, are the same. (2 Bos. Pul. 390.)
4th. On proof of an admitted balance on an account stated, the plaintiff shall be entitled to recover without proof of items; and even if the articles sold were not properly chargeable in account, or were sold without a license, if a license were necessary to enable him to recover on the general counts. (1 T. Rep. 42, n.; 1 Ch.Plead. 308; 2 T. Rep. 480, n.; 3 Ibid 232; 11East. 180; 8 Taunt. 688; 15 Eng. Com. Law 40; 21Ibid 29; Chitty's Bills 636-45; 2 Mod. R. 44; Hob.R. 88.)
5th. The New Jersey law cannot be noticed by the court, unless it had been pleaded. The defendant cannot give it in evidence without pleading it; nor the plaintiff without averring it in his narr. (3 Harr.Rep. 77, 436; 1 Ch. Pl. 223; 14 Johns. Rep. 337; 1Hen. Blac. 123.) This law is the only matter relied on in the case Rogers of vs. Bailey's administrator.
6th. But if the court will notice this law; the sale was in Delaware and not in New Jersey, and it was no violation of the law of Jersey. Bailey kept a retail office in Wilmington, and plaintiffs a wholesale office in Jersey. The plaintiffs forwarded packets of tickets to defendant, in Wilmington, on his orders, and delivered them to him there.
7th. If the contract was made in the State of New Jersey, as it was made with a view to performance in Delaware, it is to be governed by the laws of Delaware, and not of New Jersey. The law of the place where the contract is to be performed governs. (Story's Conf., sec. 196;Ibid 278, a, 280; 2 Ibid 305; 2 Kent Com. 393-4, 459; 1 Johns. Rep. 94; 4 Ibid 285; 8 Ibid 189; 17Ibid 511; 3 Mass. R. 77; 13 Ibid 20-3; 4 Cowen Rep.
510, n.; 6 Peter's Rep. *Page 261 
203.) The sale was by wholesale in New Jersey, which was lawful there; with a view to retail in Delaware, which is lawful here; though it would be unlawful in New Jersey.
8th. The New Jersey law does not invalidate the contract, but only lays it under a penalty which cannot be executed here. A penal law is always local, and can have no extra territorial effect. (14Johns. Rep. 340; 1 Hen. Blac. 135; Cowp. 343; Story'sConf. Laws, sec. 620.) The laws of New Jersey prohibit the sale of dry goods, without license. Would that be a good defence to an action brought here for the price of the goods?
Gilpin and Wales, for defendants. — 1st. Are lottery tickets properly chargeable in a book account? They are neither goods, wares, nor merchandize; and are of no intrinsic value. Brokers charge a commission for endorsing notes; for hiring their credit. This is a business. Would it be the subject of book charge? Money lent or advanced is not. So that it does not follow because the act legalizes the business, it facilitates it by making the tickets chargeable in a book account.
2d. The plaintiffs cannot recover on a sale of lottery tickets without license. The act of assembly, (8th vol., 243-4,) prohibits the sale without license; and applies to wholesale as well as retail dealers. But they say that Gregory Co. are the purchasers of the whole lottery scheme from the State's grantees; a purchase made prior to the act of 1833: and that the legislature has not the right to require these grantees to take out license. The State has the right, under the taxing power. (3 Harr. Rep. 141.) It taxes inn-keepers, retailers, pedlars, c. c., and why not lottery ticket venders?
3d. A probate by one partner is not sufficient. "The person holding the debt" shall make probate. (Dig. 226.) What for? To prevent fraud; to protect the decedent's estate. In principle all who have a right to receive should swear that they had not received. If there be more than one plaintiff, how can the conscience of one answer for another, or protect the estate against the fraud of the other? The law meant to protect the estate by an application to the conscience of every one who could discharge the same. The practice of the bar here is uniform on this subject; for co-plaintiffs all to make probate. And is there any difference in this respect between joint plaintiffs and partners? Both must sue; either may release. The legal rights of both are the same in every respect. In either case they are co-partners; in the one case using the name of the firm, generally, but not necessarily. Co-partners may exist as a *Page 262 
partnership in any other name, or without any name. The argument from inconvenience applies in the one case as well as the other. But the inconvenience is not so great as has been supposed. You can address a letter to Europe and get an answer in six weeks or less time. In the case of the Commercial Bank vs. Anderson's administrator, October term, 1824, it was decided that the probate of one of three executors of a party plaintiff was insufficient.
4th. Can plaintiff recover on the count on an account stated, where he could not recover upon the items by reason of the illegality of the contract? The statement of the proposition will refute it: that parties can by acknowledging a debt upon a contract prohibited, repeal the law prohibiting it. We concede that an acknowledgment of a balance found due on an account stated, is evidence upon which the plaintiff can recover on the account stated, yet you may inquire into the consideration of the promise. The acknowledgment is evidence of the promise, but the promise must have a consideration, and this is open to inquiry. Fraud and illegality destroys the consideration of the promise. These principles are elementary. But it is said that though the contract be prohibited by law under a penalty, the parties may still recover on it; that is, the contract is good, though the law prohibits it. (Chitty Cont. 536.) Our act of assembly prohibits the dealing in lottery tickets without license; (8th vol., 243,) and prescribes a penalty. The law of New Jersey prohibits entirely the sale. Wherever a contract is valid by the law of the place where made, it is valid everywhere else, and the reverse is true. (Story's Conf. 200, § 242.) To this general principle there are a few exceptions. The courts will not enforce the revenue laws of foreign countries, c. c. So of bills of exchange or promissory notes made abroad and payable here, in some cases the law here is the rule. These are cases of special contract. But that is not this case. The sale was made in New Jersey; the tickets bought there; payments to be made there, if nothing is said about the place of payment. If goods be ordered of a merchant in Philadelphia, the purchase and sale is there. No recovery can be had on a contract upon an illegal transaction. No action will lie on a contract in violation of a public statute. (17 Mass. Rep. 258; 4 Serg. Rawle 159; 14Johns. Rep. 146; 14 Mass. Rep. 322; 15 Ibid 35.)
But they say the New Jersey law should have been pleaded. Where a foreign law is the foundation, or forms any part of the plaintiff's claim or cause of action, it must he pleaded; but there is no case in which a defendant in an action of assumpsit, has been *Page 263 
called on to plead a foreign statute. The rule is that whatever shows that the plaintiff ought not to recover, may be given in evidence under the plea of non-assumpsit. (2 Stark. Pl. Ev. 100-1, n.
1; 1 Harr. Rep. 349, Maberry Co. vs. Shissler.)
 Rogers replied.
JUDGEMENT. — In the case of Gregory Co. vs. Glazier, adm'r. of Bailey: — And now, to wit, this twelfth day of June, in the year of our Lord one thousand eight hundred and forty-five, the questions of law arising upon the record in this cause having been heard before the Court of Errors and Appeals of the State of Delaware, composed of all the judges of the said State, and fully debated on both sides, by counsel learned in the law, and fully understood by the said court, it is considered by the court;
First. That lottery tickets are a proper subject of charge in a book account.
Second. That the plaintiffs' using the name and firm of James G. Gregory and Company, being the vendees or contractors, under the commissioners, trustees or managers, of certain lotteries authorized by the legislature of the State of Delaware, have the right to sell lottery tickets by wholesale within this State without taking out any license.
Third. That the intestate, Edward T. Bailey, having admitted that the amount claimed by the plaintiffs upon the account stated and settled between them was due, the plaintiffs are entitled to recover in an action of assumpsit, against the defendant as administrator of the said Edward T. Bailey, deceased, upon a count in the declaration on "an account stated" without going into proof of the items of said accounts.
Fourth. That the want of a license to sell lottery tickets does not impair or affect the validity of the contract of sale.
Fifth. That the acting or managing partner or partners of a firm must join in making probate against a deceased debtor. A member of a copartnership who has not taken upon himself any part of the business of the concern, or who has retired before the debt or demand became due, or the cause of action accrued, or who is a dormant partner, need not join in the probate; nor will it be required of a partner where by reason of permanent absence from the country, or from any other cause, it is impossible to procure his affidavit. And where the same firm carries on business at houses in different States, or in Europe, the probate need be made only by the acting or managing partner or partners conducting the business of the firm at the house where the contract was made, or the debt became due. The *Page 264 
probate in the present case is made only by one partner; and it does not appear from the record, that the members of the firm who have not joined in the probate are other than acting and managing partners, with the member of the firm who has made the probate.
It is therefore considered by the court, this sixteenth day of June in the year aforesaid, that by reason of the insufficiency of the probate in this cause, the verdict rendered in the Superior Court be set aside and a nonsuit entered: and that the plaintiffs pay the costs in this court, and also in the Superior Court. And it is ordered, that the decision of this court upon the aforesaid questions of law be certified to the said Superior Court in and for New Castle county.
In the case of Rogers vs. Glazier, adm'r. of Bailey: — And now to wit, c., it is considered by the court,
First. That lottery tickets are a proper subject of charge in a book account.
Second. That the law of New Jersey, passed the 13th of February, A. D. 1797, respecting the drawing of lotteries, c., sale of lottery tickets, c., does not prevent the plaintiff from recovering in this action, because its operation is confined to the sale of lottery tickets, and lotteries to be drawn in that State, without the authority of the legislature, or without the authority of an act of Congress of the United States; and the evidence in this case is that the tickets sold were in lotteries thus authorized.
Third, That the contract between the plaintiff and the defendant's intestate in regard to the sale and purchase of lottery tickets, is a legal contract under the laws of the State of Delaware.
Fourth. That the intestate having admitted that the amount claimed by the plaintiff upon the account stated and settled between them was due, the plaintiff is entitled to recover upon the count on "an account stated," without going into proof of the items of said accounts.
It is therefore considered by the court, this sixteenth day of June, in the year first aforesaid, that judgment be entered for the plaintiff upon the verdict rendered in the said Superior Court; and that the defendant pay the costs in this court, and also in the said superior Court. And it is further ordered, that the decision of this court upon the aforesaid questions of law, be certified to the said Superior Court in and for New Castle county.